UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEON T.,[1]

       Plaintiff,

   v.                                           23-CV-416-LJV
                                                   DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

On May 10, 2023, the plaintiff, Leon T. ("Leon"), brought this action under the Social Security Act ("the Act"). Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On August 7, 2023, Leon moved for judgment on the pleadings, Docket Item 6; on September 6, 2023, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 7; and on September 20, 2023, Leon replied, Docket Item 8.

For the reasons that follow, this Court grants Leon's motion in part and denies the Commissioner's cross-motion.[3]

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Leon applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a).

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to

have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## **DISCUSSION**

**I.     THE ALJ'S DECISION**

On October 5, 2021, the ALJ found that Leon had not been under a disability since June 20, 2019, the date his application was filed. *See* Docket Item 5 at 29. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a). *See id.* at 20–21.

At step one, the ALJ found that Leon had not engaged in substantial gainful activity since his application date. *Id.* at 21. At step two, the ALJ found that Leon suffered from three severe, medically determinable impairments: social anxiety disorder, persistent depressive disorder, and panic disorder. *Id.*

At step three, the ALJ found that Leon's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See id.* at 22. More specifically, the ALJ found that Leon's impairments did not meet or medically equal listing 12.04 (depressive, bipolar, or related disorders) or 12.06 (anxiety and obsessive-compulsive disorder). *Id.* In assessing Leon's mental impairments, the ALJ found that Leon was moderately impaired in: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing himself. *Id.* at 22–23.

The ALJ then found that Leon had the residual functional capacity ("RFC")[4] to "perform a full range of work at all exertional levels" except that:

> [Leon] can understand, remember[,] and carry out simple, routine[, and] repetitive work[-]related tasks, with only occasional contact with the public, co-workers[,] and supervisors; and he must work in a low stress job defined as requiring only occasional decision making and requiring only occasional changes in the work[]place.

*Id.* at 23.

At step four, the ALJ found that Leon had no past relevant work. *Id.* at 28. But given Leon's age, education, and RFC, the ALJ found at step five that Leon could perform substantial gainful activity as a marker, routing clerk, or kitchen helper. *Id.*; *see Dictionary of Occupational Titles* 209.587-034, 1991 WL 671802 (Jan. 1, 2016); *id.* at 222.687-022, 1991 WL 672133 (Jan. 1, 2016); *id.* at 318.687-010, 1991 WL 672755 (Jan. 1, 2016). The ALJ therefore found that Leon had not been under a disability since June 20, 2019, the date his application was filed. *See* Docket Item 5 at 29.

## II.   ALLEGATIONS

Leon argues that the ALJ erred in two ways. Docket Item 6-1 at 10–18. First, Leon argues that the ALJ failed to reconcile conflicts between the RFC and limitations in the opinion of Mary Ann Moore, Psy.D., an opinion the ALJ found to be "persuasive." *Id.* at 10–15. Second, Leon argues that the ALJ improperly evaluated the opinion of Caley Wekenmann, NP, and Nicholas Nolan, MHC-P. *Id.* at 16–18. This Court agrees

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

with Leon that the ALJ erred and, because that error was to Leon's prejudice, remands the matter to the Commissioner.

### III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  That does not mean that an RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024).  So long as an ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error.  *See* 20 C.F.R. § 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On November 16, 2020, Dr. Moore completed a psychiatric evaluation of Leon. Docket Item 5 at 594–99.  Dr. Moore opined that Leon had no limitations in "understanding, remembering or applying simple directions and instructions," i*d.* at 597, and only moderate limitations in "understanding, remembering, or applying complex directions . . . and sustaining concentration and performing a task at a consistent pace," *id.* at 598–99.  Dr. Moore also opined, however, that Leon would be moderately to

5

markedly limited in "sustaining an ordinary routine and regular attendance at work." *Id.* at 599.

The ALJ found Dr. Moore's opinion to be "persuasive," as it was "based on a thorough examination of [Leon]." *Id.* at 27. And the ALJ included many of Dr. Moore's opined limitations in the RFC. *See id.* at 23. But the ALJ said nothing about the most limiting parts of Dr. Moore's opinion—namely, the moderate to marked limitations in "sustaining an ordinary routine and regular attendance at work." *Compare id.* at 599, *with id.* at 23.

The ALJ gave no reasons for omitting those limitations, so the Court has no way of knowing whether the ALJ missed them, simply ignored them, or disagreed with them for legitimate reasons. And that error requires remand. *See Labonte v. Berryhill*, 2017 WL 1546477, at *4 (W.D.N.Y. May 1, 2017) (remanding where ALJ gave "significant weight" to opinion of claimant's chiropractor but "reject[ed]—without any explanation whatsoever—[chiropractor's] opinion that [claimant] would frequently be off task").

Of course, "[a]n ALJ does not have to state on the record every reason justifying a decision." *Valdes-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)) (internal quotation marks omitted). But the ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled so that . . . 'a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'" *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)). And when an ALJ finds a provider's opinion to be persuasive, he must either include the limitations in

that opinion in the RFC or explain why he did not do so.  See *Kimberly J. v. Comm'r of Soc. Sec.*, 725 F. Supp. 3d 305, 309 (W.D.N.Y. 2024) ("When an ALJ adopts only part of a medical opinion, he must explain why the other parts were rejected."); *Cynthia A. v. Comm'r of Soc. Sec.*, 2023 WL 6229600, at *4 (W.D.N.Y. Sep. 26, 2023) ("[T]he ALJ found the opinions of LMSW's Diaz and Campbell at least partially persuasive and included in his RFC determination some of the limitations to which they opined, but he did not include in the RFC determination any limitation related to work schedule or job attendance, nor did he offer any explanation for not including such limitations.  This was error.").  The ALJ did not do that here.

The ALJ's failure to address Dr. Moore's attendance-related limitations is particularly troubling because other providers opined about those same limitations.  For example, NP Wekenmann and MHC-P Nolan found that Leon would be absent from work "[a]bout three days per month."  Docket Item 5 at 966.  Likewise, H. Tzetzo, M.D., a state agency medical consultant, concluded that Leon was "moderately limited" in his ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances."  *Id.* at 72.  And just as the ALJ did not address Dr. Moore's limitations, he did not address those limitations either.  *See id.* at 27.  In other words, the ALJ omitted potentially disabling limitations—limitations included in the opinions of at least four providers—from the RFC without explanation.

What is more, the ALJ's error was far from harmless.  The vocational expert who testified at the hearing suggested several jobs consistent with the limitations in the RFC, *see* Docket Item 5 at 52–53, but he made it clear that if Leon were "absent three times per month," there would be no jobs in the national economy that he could perform, *id.* at


53; *see Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) ("[T]he vocational expert's opinion on whether there were jobs [the claimant] could perform varied depending on how the [limitations in the RFC] were defined."). So the limitations that the ALJ did not address may well have made a significant difference.

In sum, the ALJ erred in omitting the most limiting portions of Dr. Moore's opinion from the RFC without explaining why he did so. *See Kimberly J.*, 725 F. Supp. 3d at 309. And because that error was not harmless, remand is required. *See Tara W. v. Comm'r of Soc. Sec.*, 2021 WL 4316824, at *4 (W.D.N.Y. Sep. 23, 2021).[5]

---

[5] The Court "will not reach the remaining issues raised by [Leon] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103–04 (W.D.N.Y. 2020).

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 7, is DENIED, and Leon's motion for judgment on the pleadings, Docket Item 6, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   January 5, 2026
        Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE